**In re Robert LAING, Debtor.**

**v.**

June 30, 2005.

Alberto F. Gomez, Jr., Morse & Gomez, PA, Tampa, FL, for Debtor.

Robert E. Tardif, Trustee's Attorney, Jr., Ft. Myers, FL, pro se.

### ORDER ON SLATKIN TRUSTEE'S MOTION TO AMEND PLEADINGS TO CONFORM TO EVIDENCE (DOC. NO. 144)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case of Robert Laing (Debtor) is a Motion filed by R. Todd Neilson, Trustee of the Estate of Reed E. Slatkin (Trustee) to Amend Pleadings to Conform to Evidence in the above captioned adversary proceeding.

In his Motion, Neilson contends that he adequately put the Debtor on notice, not only in his original objection to the exemptions filed in the general case file, but also in Count I of his complaint filed against the Debtor where he challenged the Debtor's right to claim as exempt the following assets: CSFB IRA Rollover $15,552.76; Salomon Smith Barney IRA Rollover $204,365.00; USL Capital Annuity FBO Lang $1,210,322.00.

The Motion is challenged by the Debtor who contends that neither the objection filed in the general case file nor the allegations in Count I of the Complaint adequately put forth sufficient facts needed to overcome the presumptive right of a Debtor to claim these accounts as exempt under the applicable statutes of the State of Florida.

The Court heard argument of counsel and has considered the relevant portion of the record and finds that while it is true that Neilson filed in the general case file a Motion for Extension of Time to File an Objection to Debtor's Claim of Exemptions, or Alternatively, Objection to Debtor's Claim of Exemptions. There is no question that this Motion was woefully lacking the specificity required to put the Debtor on notice on the basis of the objection. However, Neilson also contends that at the trial there was sufficient evidence presented on the issue of the Debtor's right to claim the exemption of the assets involved. In Count I of his Complaint, in Paragraph 35, he specifically identified the assets which are claimed by the Debtor and which Neilsen was challenging. While this is true, the only basis pled for the objection of these accounts was in Paragraph 37 in which Neilson alleged that: "The Slatkin Trustee, however, has been unable to verify whether these accounts are 'qualified' retirement accounts as required by Florida Statutes § 222.21(2)(a). Further, the Slatkin Trustee has been unable to determine whether any of these alleged retirement accounts were operated in compliance with ERISA."

While courts generally do consider favorably motions for permission to amend the pleadings after the trial to conform to the evidence, provided the issue was tried, this record would not warrant or justify to

grant the Motion for the following reasons: The evidentiary proceeding was focused entirely on the Objections to the Debtor's homestead claim and there was no evidence presented whatsoever that these accounts were not qualified as retirement accounts as required by Fla. Stat. 222.21(2)(a). Further, there was no evidence presented that these accounts were not operated by the Debtor in conformity with the requirements of ERISA.

Based on the foregoing, this Court is satisfied that the Motion is not well taken and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Slatkin Trustee's Motion to Amend Pleadings to Conform to Evidence be, and the same is hereby, denied.